UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>      Plaintiff,<br><br>      v.<br><br>CHRISTIAN LEONE, LCG HOLDINGS, LLC, LUXOR MANAGEMENT LLC, LUXOR CAPITAL GROUP, LP, LUXOR WAVEFRONT, LP, LUXOR SPECTRUM OFFSHORE, LTD., and LUXOR SPECTRUM OFFSHORE MASTER FUND, LP,<br><br>      Defendants,<br><br>      and<br><br>RCS CAPITAL CORP.,<br><br>      Nominal Defendant. | No. 1:15-cv-9794<br><br>**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorney, as and for his complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

## NATURE OF ACTION

    1.  This is an action to recover "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

    2.  Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

3.   Defendants are insiders of Nominal Defendant RCS Capital Corp. ("RCS" or the "Company"), who profited from purchases and sales of securities of Company stock within a period of less than six months. As a result, Defendants must return the profits they realized from these transactions to the Company.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5.   Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. All Defendants other than Defendants Luxor Spectrum Offshore, Ltd. and Luxor Spectrum Offshore Master Fund, LP (collectively, the "Spectrum Defendants," both of which are under common control with the other Defendants) reside, maintain principal offices, or can otherwise be found within this District. The Nominal Defendant also maintains principal offices in the District. The securities of Nominal Defendant RCS are traded on the New York Stock Exchange (NYSE), which is located within this District. Some or all of the transactions described herein were effected in whole or in part on the NYSE or otherwise within the District.

## THE PARTIES

6.   Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of RCS.

7.   Nominal Defendant RCS is a Delaware corporation with principal offices at 405 Park Avenue, New York, NY 10022.

8.   At all relevant times, the common stock of RCS was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78l.

9.   This action is brought in the right and for the benefit of RCS, which is named as a nominal defendant solely in order to have all necessary parties before the Court.

10. Defendant Christian Leone is the managing member of Defendants LCG Holdings LLC ("LCG Holdings") and Luxor Management LLC ("Luxor Management"). Luxor Management is the general partner of Defendant Luxor Capital Group, LP. ("LCG"). LCG Holdings is the general partner, and LCG is the investment manager, of Defendants Luxor Wavefront, LP ("Wavefront") and Luxor Spectrum Offshore, Ltd. ("Spectrum Offshore"). Spectrum Offshore has a controlling interest in Defendant Luxor Spectrum Offshore Master Fund, LP.

11. Christian Leone is a United States citizen. The Spectrum Defendants are Cayman Islands entities, and the remaining Defendants are Delaware entities.

12. Defendant Christian Leone controls, and has a pecuniary interest in, RCS securities held directly or indirectly by LCG and all other Defendants. Defendants Leone, LCG Holdings, and LCG control, and have pecuniary interests in, RCS securities held directly or indirectly by Defendants Wavefront and Spectrum.

13. At all relevant times, Defendants, whether individually or through entities under their control, were members of a "group" that beneficially owned more than 10% of the common stock of RCS, and were subject to Section 16 of the Act.

14. All Defendants other than the Spectrum Defendants maintain principal offices at 1114 Avenue of the Americas, 29th Floor, New York, NY 10036. The Spectrum Defendants' business address is: c/o M&C Corporate Services Limited, P.O. Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands.

## STATUTORY REQUISITES

15. Demand for prosecution was made on RCS on August 11, 2015. On September 25, 2015, counsel for RCS at the law firm Dechert LLP responded to Plaintiff's demand by

enclosing an August 25, 2015 letter from the General Counsel for Defendant LCG, which asserted that LCG and affiliates had no short swing profits to disgorge. RCS' counsel requested Plaintiff's counsel's view on the position taken by LCG in its August 25 letter, and reiterated that request on October 9, 2015. On November 16, Plaintiff's counsel advised RCS' counsel that Plaintiff disagreed with LCG's analysis, and stated that Plaintiff intended to file suit to recover short swing profits from LCG and its affiliates if the Company failed to do so. Plaintiff's counsel received no response from the Company. More than 60 days have expired since Plaintiff first demanded that the Company pursue this Section 16(b) claim against Defendants. The Company has not recovered the profits at issue. Further delay in the filing of this suit would be futile.

16. This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

## FACTUAL BACKGROUND

17. On April 2, 2015, Defendants, directly or through entities controlled by them and in which they have a pecuniary interest, sold an aggregate of 456,910 shares of RCS common stock at prices ranging from $10.425 to $10.837 per share.

18. On August 6, 2015, Defendants, directly or through entities controlled by them and in which they have a pecuniary interest, acquired an aggregate of 3,000,000 shares of RCS common stock at a price of $5.75 per share, pursuant to a Termination Agreement between RCS, the original members of RCS Capital Management, LLC (which included RCS executives and controlling shareholders), and entities affiliated with and controlled directly or indirectly by some or all of the Defendants and in which some or all of the Defendants have a direct or

indirect pecuniary interest. The acquisition of stock by Defendants' affiliates pursuant to the Termination Agreement constitutes a Section 16(b) "purchase" by Defendants.

19. The sales described in Paragraph 17 may be matched using the "lowest in, highest out" method with the purchase described in Paragraph 18, to calculate a total of approximately $2,248,264 in short swing profit realized by Defendants and recoverable by RCS under Section 16(b) as a result of those transactions.

## COUNT I

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

20. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 19, above.

21. Some or all of the Defendants had a direct or indirect pecuniary interest in all of the shares of common stock purchased or sold in the transactions described in Paragraphs 17 and 18, above.

22. The transactions described in Paragraphs 17 and 18, above, resulted in short swing profits of $2,248,264 realized by Defendants, which must be disgorged to the Company under Section 16(b).

## COUNT II

23. Count II is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

24. During periods not barred by the statute of limitations measured from the date of the filing of this Complaint, Defendants, while insiders of the Company, purchased and sold or

sold and purchased equity securities or equity security equivalents of the Company within periods of less than six months.

25. By reason of such purchases and sales, Defendants realized profits, the amounts thereof being unknown to Plaintiff, which inure to the benefit, and are recoverable by Plaintiff on behalf, of the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) requiring Defendants to account for and pay to the Company the short swing profits recoverable from them under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: New York, NY
December 16, 2015

*s/ Miriam Tauber*
_____
Miriam Tauber
885 Park Avenue 2A
New York, NY 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq.
171 Edge of Woods Road, P.O. Box 323
Southampton NY 11969
Telephone: (631) 283-4735
Email: DavidLopezEsq@aol.com
*Attorneys for Plaintiff Aaron Rubenstein*