**SCH**
**SCHINDLER COHEN & HOCHMAN**

Jonathan L. Hochman
(212) 277 6330
jhochman@schlaw.com

100 Wall Street, 15th floor / New York, N.Y. 10005 / t.(212) 277 6300 / f.(212) 277 6333 / www.schlaw.com

February 10, 2016

**BY ELECTRONIC FILING AND HAND DELIVERY**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Rubenstein v. Leone et al.*, No. 15 Civ. 9794

Dear Judge Buchwald:

  I write on behalf of Nominal Defendant RCS Capital Corporation ("RCS Capital") in response to the letter filed in the above-referenced action by Plaintiff's counsel on February 5, 2016, which contends the bankruptcy petition filed by RCS Capital does not stay this action because Plaintiff's claim for recovery of short-swing profits under Section 16(b) of the Securities and Exchange Act is the property of the Plaintiff rather than the bankruptcy estate. As authority for this proposition, Plaintiff cites a single case from this District, *Schaffer v. CC Investments, LDC*, 286 F. Supp. 2d 279 (S.D.N.Y. 2003). That case's holding is premised on reasoning that has since been foreclosed by Second Circuit precedent.

  It is well established that a shareholder may not bring a derivative action on behalf of a corporation after the filing of a bankruptcy petition by the corporation, since upon the filing of a petition, such actions become the property of the bankruptcy estate pursuant to 11 U.S.C. § 541. *See Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984), *quoting Pepper v. Litton*, 308 U.S. 295, 306-07 (1939) (fiduciary obligation of corporate officers "'is, in the event of bankruptcy of the corporation, enforceable by the trustee'" rather than "'through a stockholder's derivative action'"); *Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037, 1042 (2d Cir. 1986) (bankruptcy "prevent[s] individual shareholders and creditors from suing to enforce a right of [a] corporation"). Because shareholder derivative actions are property of the bankruptcy state pursuant to 11 U.S.C. § 541, the prosecution of such actions is automatically stayed upon the filing of a bankruptcy petition pursuant to 11 U.S.C. § 362(a)(3), which provides for a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

  In *Schaffer*, Judge Marrero held that actions under Section 16(b) of the Securities and Exchange Act were distinguishable from "traditional shareholder derivative action[s]," in that they primarily belonged to the shareholder rather than the corporation, and that they were therefore not subject to a stay pursuant to 11 U.S.C. § 362. 286 F. Supp. 2d at 282-83. Judge Marrero made his ruling in *Schaffer* without the benefit of Second Circuit precedent, noting that there was "little guidance" on the issue before him. *Id.* at 279. However, after Judge Marrero's

decision, the Second Circuit explicitly held that an action to recover short-swing profits pursuant to Section 16(b) was the "exclusive property of the bankruptcy estate." See iXL Enters., Inc. v GE Capital Corp., 167 F. App'x 824, 826 (2d Cir. 2006) (affirming an order substituting a bankrupt corporation for a shareholder as plaintiff in a Section 16(b) action).[1]

In light of the Second Circuit's decision in iXL Enterprises, it is clear that the instant Section 16(b) action was stayed pursuant to 11 U.S.C. § 362 when RCS Capital filed its bankruptcy petition. This stay is "automatic and mandatory" upon the filing of the bankruptcy petition. See Ostano Commerzanstalt v. Telewide Sys., Inc., 790 F.2d 206, 207 (2d Cir. 1986). RCS Capital will act accordingly unless and until the Court indicates a different view or the automatic stay is lifted.

Respectfully submitted,

Jonathan L. Hochman

cc:  Counsel of Record (by ECF)

---

[1] This Court has previously relied on iXL Enterprises for the proposition that "[a]ny derivative claims held by individual shareholders . . . accrue[] to [a bankrupt corporation], in its role as debtor-in-possession, upon the filing of [a] bankruptcy petition." In re Ambac Fin. Grp., Inc., Nos. 10-B-15973 (SCC), 11 Civ. 7529 (NRB), 2011 WL 6844533, at *2 (S.D.N.Y. Dec. 29, 2011) (emphasis added) (citing iXL Enters., 167 F. App'x at 826), aff'd, 487 F. App'x 663 (2d Cir. 2012). As the Court noted in Ambac, the fact that the instant action was filed prior to RCS Capital's bankruptcy petition is "irrelevant to the operation of this regime." Id. (citing iXL Enters., 167 F. App'x at 827 n.2).