**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

GREGORY A. HOROWITZ
PARTNER
PHONE 212-715-9571
FAX 212-715-7571
GHOROWITZ@KRAMERLEVIN.COM

February 11, 2016

**BY ELECTRONIC FILING AND HAND DELIVERY**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:  <u>Rubenstein v. Leone et al.</u>, No. 15 Civ. 9794

Dear Judge Buchwald:

    I write on behalf of all defendants other than nominal defendant RCS Capital Corporation ("RCS Capital") (the "Luxor Defendants") in response to the letter filed in the above-referenced matter by plaintiff's counsel on February 5, 2016. Plaintiff contends that his claim for recovery of short-swing profits under Section 16(b) of the Securities and Exchange Act is his own property rather than property of the RCS Capital bankruptcy estate. As explained in the February 10, 2016 letter to the Court from RCS Capital's counsel, this assertion is incorrect; Section 16(b) claims, like all derivative claims and other claims belonging to and benefitting a debtor, are property of the estate subject to the automatic stay. The Luxor Defendants join in and adopt the analysis contained in RCS Capital's letter.

    The Luxor Defendants also wish to inform the Court that they intend to move promptly before Judge Walrath in the Delaware Bankruptcy Court, where RCS Capital's bankruptcy case is pending, for an order enforcing the automatic stay with respect to this action. The Second Circuit has held that a district court in which a matter arguably subject to the automatic stay is pending should hesitate to exercise its concurrent jurisdiction to determine the scope of the automatic stay in situations where piecemeal determinations may undermine "the unfettered authority of the Bankruptcy Court" to manage a complex reorganization. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985). This is particularly so in situations where the parties are "proceeding expeditiously to secure determination from the Bankruptcy Court as to the reach of the stay." *Id.* at 349.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. Naomi Reice Buchwald
February 11, 2016
Page 2

       We therefore respectfully suggest that the Court need take no action at the present time with respect to this matter. Of course, we are available at the Court's convenience to provide any further information as may be helpful.

                                 Respectfully submitted,

                                 Gregory A. Horowitz

GAH:ls

Filed and Served on ECF